1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ARVIN HOWARD ROBERTS,              )   Case No. EDCV 11-1373 JC
                                   )
                Plaintiff,         )
                                   )   MEMORANDUM OPINION
        v.                         )
                                   )
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social             )
Security,                          )
                                   )
                Defendant.         )
_____    )

I.    **SUMMARY**

       On September 2, 2011, plaintiff Arvin Howard Roberts ("plaintiff") filed a
Complaint seeking review of the Commissioner of Social Security's denial of
plaintiff's application for benefits.  The parties have consented to proceed before a
United States Magistrate Judge.

       This matter is before the Court on the parties' cross motions for summary
judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
Court has taken both motions under submission without oral argument.  See Fed.
R. Civ. P. 78; L.R. 7-15; September 7, 2011 Case Management Order ¶ 5.
///

1

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

3    ("ALJ") are supported by substantial evidence and are free from material error.[1]

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On February 27, 2008, plaintiff filed applications for Supplemental Security

7    Income and Disability Insurance Benefits.  (Administrative Record ("AR") 56,

8    209, 213).  Plaintiff asserted that he became disabled on July 1, 2006, due to an

9    artificial heart valve.  (AR 225).  Plaintiff subsequently amended the alleged onset

10   date to December 28, 2008 and withdrew his application for Disability Insurance

11   Benefits.  (AR 10, 42, 56).  The ALJ examined the medical record and heard

12   testimony from plaintiff (who was represented by counsel) and a vocational expert

13   on January 26, 2010.  (AR 21-38).  On February 26, 2010, the ALJ determined that

14   plaintiff was not disabled through the date of the decision.  (AR 56-61).

15   On January 14, 2011, the Appeals Council granted review, vacated the

16   ALJ's February 26, 2010 decision, and remanded the matter for further

17   administrative proceedings.  (AR 10, 164-66).  The ALJ again examined the

18   medical record and heard testimony from plaintiff (who was represented by

19   counsel) on March 30, 2011.  (AR 39-48).

20   On April 21, 2011, the ALJ again determined that plaintiff was not disabled

21   through the date of the decision.[2]  (AR 10-17).  Specifically, the ALJ found:

22   (1) plaintiff suffered from the following severe impairments:  aortic valve

23   ───────────────────

24   [1]The harmless error rule applies to the review of administrative decisions regarding

25   disability.  See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196
     (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social

26   Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of
     application of harmless error standard in social security cases).

27   [2]The ALJ stated that his February 26, 2010 decision was incorporated by reference into,

28   and supplemented by, his April 21, 2011 decision.  (AR 11).

2

replacement and degenerative disc disease of the thoracic and lumbar spine (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 13); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with certain additional limitations[3] (AR 13); (4) plaintiff could not perform his past relevant work (AR 16); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically garment sorter (AR 16-17); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 14).

The Appeals Council denied plaintiff's second application for review.  (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

---

[3]The ALJ determined that plaintiff (i) could stand and/or walk for only one to two hours at a time for up to four hours in an eight-hour period; (ii) could sit without restriction but should be allowed to stand and stretch as needed for up to one minute every hour; (iii) could occasionally bend, stoop and crouch; (iv) could lift and/or carry 10 pounds frequently and 20 pounds occasionally; (v) could perform simple, repetitive tasks; (vi) could not perform work that requires hypervigilance; (vii) would miss work up to twice a month; and (viii) needed to be able to lie down during lunch breaks.  (AR 13).

1   Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C.

2   § 423(d)(2)(A)).

3          In assessing whether a claimant is disabled, an ALJ is to follow a five-step

4   sequential evaluation process:

5          (1)   Is the claimant presently engaged in substantial gainful activity?  If

6                so, the claimant is not disabled.  If not, proceed to step two.

7          (2)   Is the claimant's alleged impairment sufficiently severe to limit

8                the claimant's ability to work?  If not, the claimant is not

9                disabled.  If so, proceed to step three.

10         (3)   Does the claimant's impairment, or combination of

11               impairments, meet or equal an impairment listed in 20 C.F.R.

12               Part 404, Subpart P, Appendix 1?  If so, the claimant is

13               disabled.  If not, proceed to step four.

14         (4)   Does the claimant possess the residual functional capacity to

15               perform claimant's past relevant work?  If so, the claimant is

16               not disabled.  If not, proceed to step five.

17         (5)   Does the claimant's residual functional capacity, when

18               considered with the claimant's age, education, and work

19               experience, allow the claimant to adjust to other work that

20               exists in significant numbers in the national economy?  If so,

21               the claimant is not disabled.  If not, the claimant is disabled.

22   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

23   Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

24         The claimant has the burden of proof at steps one through four, and the

25   Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

26   F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also

27   Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

28   ///

4

1      **B.      Standard of Review**

2          Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

3  benefits only if it is not supported by substantial evidence or if it is based on legal

4  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

5  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

6  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

7  mind might accept as adequate to support a conclusion." Richardson v. Perales,

8  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

9  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

10  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

11          To determine whether substantial evidence supports a finding, a court must

12  "'consider the record as a whole, weighing both evidence that supports and

13  evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.

14  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

15  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

16  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

17  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

18  **IV.   DISCUSSION**

19          Plaintiff contends that a reversal or remand is warranted because the ALJ

20  (1) failed properly to evaluate the medical evidence relating to plaintiff's spine

21  impairment; and (2) failed properly to evaluate plaintiff's credibility.  (Plaintiff's

22  Motion at 3-17).  As discussed in detail below, plaintiff is not entitled to a reversal

23  or remand on either ground.

24      **A.      The ALJ Properly Evaluated the Medical Evidence**

25          **1.      Pertinent Law**

26          In Social Security cases, courts employ a hierarchy of deference to medical

27  opinions depending on the nature of the services provided.  Courts distinguish

28  among the opinions of three types of physicians:  those who treat the claimant

1  ("treating physicians") and two categories of "nontreating physicians," namely

2  those who examine but do not treat the claimant ("examining physicians") and

3  those who neither examine nor treat the claimant ("nonexamining physicians").

4  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A

5  treating physician's opinion is entitled to more weight than an examining

6  physician's opinion, and an examining physician's opinion is entitled to more

7  weight than a nonexamining physician's opinion.[4]  See id.  In general, the opinion

8  of a treating physician is entitled to greater weight than that of a non-treating

9  physician because the treating physician "is employed to cure and has a greater

10  opportunity to know and observe the patient as an individual."  Morgan v.

11  Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir.

12  1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

13       The treating physician's opinion is not, however, necessarily conclusive as

14  to either a physical condition or the ultimate issue of disability.  Magallanes v.

15  Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d

16  759, 761-62 & n.7 (9th Cir. 1989)).  Where a treating physician's opinion is not

17  contradicted by another doctor, it may be rejected only for clear and convincing

18  reasons.  Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal

19  quotations omitted).  The ALJ can reject the opinion of a treating physician in

20  favor of a conflicting opinion of another examining physician if the ALJ makes

21  findings setting forth specific, legitimate reasons for doing so that are based on

22  substantial evidence in the record.  Id.  (citation and internal quotations omitted);

23  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by

24  setting out detailed and thorough summary of facts and conflicting clinical

25

26       [4]Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to
27  draw bright line distinguishing treating physicians from non-treating physicians; relationship is
    better viewed as series of points on a continuum reflecting the duration of the treatment
28  relationship and frequency and nature of the contact) (citation omitted).

1  evidence, stating his interpretation thereof, and making findings) (citations and
2  quotations omitted); <u>Magallanes</u>, 881 F.2d at 751, 755 (same; ALJ need not recite
3  "magic words" to reject a treating physician opinion – court may draw specific and
4  legitimate inferences from ALJ's opinion).  "The ALJ must do more than offer his
5  conclusions."  <u>Embrey v. Bowen</u>, 849 F.2d 418, 421-22 (9th Cir. 1988).  "He must
6  set forth his own interpretations and explain why they, rather than the
7  [physician's], are correct."  <u>Id.</u>  "Broad and vague" reasons for rejecting the
8  treating physician's opinion do not suffice.  <u>McAllister v. Sullivan</u>, 888 F.2d 599,
9  602 (9th Cir. 1989).

10                    **2.    Analysis**

11          Plaintiff contends that a reversal or remand is warranted essentially because
12  the ALJ failed properly to evaluate the medical evidence regarding plaintiff's
13  lumbar spine condition and failed to account for all limitations related to such
14  condition in the ALJ's assessment of plaintiff's residual functional capacity.
15  (Plaintiff's Motion at 3-10).  The Court disagrees.

16          First, plaintiff alleges that the ALJ "misconstrued Plaintiff's lumbar spinal
17  condition in that the medical evidence of record clearly reflects a degenerative
18  joint disease/arthritic condition involving Plaintiff's thoracic and lumbar spine as
19  well as degenerative disc disease."  (Plaintiff's Motion at 3-4).  To the extent
20  plaintiff suggests that the ALJ somehow erred at step two, the Court finds no error.
21  Specifically, plaintiff points to no medical evidence which reflects any impairment
22  in his thoracic/lumbar spine which is separate from the severe spinal impairment
23  the ALJ identified at step two.

24          Second, contrary to plaintiff's assertion, the ALJ accounted for all
25  significant probative evidence of plaintiff's severe spinal impairment and related
26  limitations.  <u>Reddick v. Chater</u>, 157 F.3d 715, 722-23 (9th Cir. 1998) (ALJ must
27  "fully account[] for the context of materials or all parts of the testimony and
28  reports").  The ALJ stated that he carefully considered "the entire record" and the

                                          7

1    "opinion evidence" in accordance with administration regulations.  (AR 13-14).

2    In accordance with the Appeals Council's remand (AR 164), the ALJ specifically

3    addressed the medical evidence relating to plaintiff's thoracic and lumbar spine

4    conditions:

> In regard to [plaintiff's] complaints of back pain, imaging studies in
> the record do reflect possible signs of worsening.  Initial studies show
> degenerative disc disease with lower lumbar facet arthropathy
> (Exhibit 8F, p. 20 [AR 356]).  Studies that are more recent show a
> significant anterior marginal spur with only mild kyphosis, mild
> diffuse degenerative disc disease in the thoracic spine and only mild
> narrowing of the intervertabral disc space at Ll-L2 (Exhibit 8F, pp.
> 53-54 [AR 389-90]).  Despite possible worsening, during a
> consultative examination, [plaintiff] demonstrated normal range of
> motion throughout the spine and had no tenderness, spasms or tension
> (Exhibit 3F, pp. 3-4 [AR 305-06]).  A straight leg raising test was
> normal and the neurological examination was normal (Exhibit 3F, p.
> 4 [AR 306]).  The treating physician's records do show back pain and
> tenderness but are otherwise unremarkable (Exhibit 8F, p. 21 [AR
> 357], 31 [AR 367], 43-44 [AR 379-80], 51-52 [AR 387-88]).  During
> various doctors' appointments, [plaintiff's] gait was noted as normal
> (Exhibit 3F, p. 4 [AR 306]; Exhibit 8F, p. 66 [AR 402]; Exhibit 9F, p.
> 23 [AR 426]).

(AR 15).  The ALJ also stated that plaintiff's "complaint of pain from degenerative

disc disease has been considered and factored into the residual functional capacity

assessed herein."  (AR 15).  Simply because the ALJ did not discuss at length

other medical evidence in the record regarding plaintiff's spinal impairment which

he did not reject, and which was cumulative, does not mean the ALJ failed to

consider such evidence.  See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998)

1   ("An ALJ's failure to cite specific evidence does not indicate that such evidence

2   was not considered[.]").  The ALJ was not required to discuss every piece of

3   evidence in the record.  See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006,

4   1012 (9th Cir. 2003) (citations omitted).  Moreover, plaintiff does not demonstrate

5   that any evidence the ALJ allegedly failed to discuss calls for functional

6   limitations not already accounted for in the ALJ's residual functional capacity

7   assessment.  While plaintiff contends that the medical evidence as a whole reflects

8   that plaintiff is "more severely limited" by his spinal impairment (Plaintiff's

9   Motion at 5-10), the Court will not second-guess the ALJ's reasonable

10  determination that it does not, even if such evidence could give rise to inferences

11  more favorable to plaintiff.  Robbins, 466 F.3d at 882 (citation omitted).

12          Finally, to the extent plaintiff argues that the ALJ was obligated to develop

13  the record by obtaining "updated medical opinions regarding Plaintiff's spinal

14  condition and resulting limitations," such an argument lacks merit.  Although

15  plaintiff bears the burden of proving disability, an ALJ has an affirmative duty to

16  assist the claimant in developing the record at every step of the sequential

17  evaluation process.  Bustamante, 262 F.3d at 954; see also Webb v. Barnhart, 433

18  F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty fully and fairly to develop

19  record and to assure that claimant's interests are considered).  The ALJ's duty is

20  triggered only "when there is ambiguous evidence or when the record is

21  inadequate to allow for proper evaluation of the evidence."  Mayes v. Massanari,

22  276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted).  Here, the ALJ's duty to

23  develop the record further was not triggered.  Plaintiff does not argue, nor did the

24  ALJ find, that the evidence of plaintiff's impairments is ambiguous or that the

25  record as a whole was inadequate to allow for proper evaluation of plaintiff's

26  disability.  To the contrary, as discussed above, substantial evidence supported the

27  ALJ's disability determination.

28          Accordingly, a remand or reversal on this basis is not warranted.

9

1     **B.     The ALJ Properly Evaluated Plaintiff's Credibility**

2            **1.     Pertinent Law**

3     Questions of credibility and resolutions of conflicts in the testimony are

4 functions solely of the Commissioner. <u>Greger v. Barnhart</u>, 464 F.3d 968, 972 (9th

5 Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable

6 and is supported by substantial evidence, it is not the court's role to "second-

7 guess" it. <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

8            An ALJ is not required to believe every allegation of disabling pain or other

9 non-exertional impairment. <u>Orn</u>, 495 F.3d at 635 (citing <u>Fair v. Bowen</u>, 885 F.2d

10 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically

11 determinable impairment that could reasonably give rise to symptoms assertedly

12 suffered by a claimant, an ALJ must make a finding as to the credibility of the

13 claimant's statements about the symptoms and their functional effect. <u>Robbins</u>,

14 466 F.3d 880 at 883 (citations omitted). Where the record includes objective

15 medical evidence that the claimant suffers from an impairment that could

16 reasonably produce the symptoms of which the claimant complains, an adverse

17 credibility finding must be based on clear and convincing reasons. <u>Carmickle v.</u>

18 <u>Commissioner, Social Security Administration</u>, 533 F.3d 1155, 1160 (9th Cir.

19 2008) (citations omitted). The only time this standard does not apply is when

20 there is affirmative evidence of malingering. <u>Id.</u> The ALJ's credibility findings

21 "must be sufficiently specific to allow a reviewing court to conclude the ALJ

22 rejected the claimant's testimony on permissible grounds and did not arbitrarily

23 discredit the claimant's testimony." <u>Moisa v. Barnhart</u>, 367 F.3d 882, 885 (9th

24 Cir. 2004).

25           To find the claimant not credible, an ALJ must rely either on reasons

26 unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal

27 contradictions in the testimony, or conflicts between the claimant's testimony and

28 the claimant's conduct (*e.g.*, daily activities, work record, unexplained or

1   inadequately explained failure to seek treatment or to follow prescribed course of
2   treatment). <u>Orn</u>, 495 F.3d at 636; <u>Robbins</u>, 466 F.3d at 883; <u>Burch</u>, 400 F.3d at
3   680-81; SSR 96-7p.  Although an ALJ may not disregard such claimant's
4   testimony solely because it is not substantiated affirmatively by objective medical
5   evidence, the lack of medical evidence is a factor that the ALJ can consider in his
6   credibility assessment.  <u>Burch</u>, 400 F.3d at 681.

7          **2.    Analysis**

8          Plaintiff contends that the ALJ inadequately evaluated the credibility of his
9   subjective complaints of pain related to his spinal impairment.  (Plaintiff's Motion
10  at 10-17).  The Court disagrees.  Separate and apart from the ALJ's discussion of
11  plaintiff's daily activities (which plaintiff contends did not provide a clear and
12  convincing reason to discredit plaintiff's subjective complaints), the ALJ here
13  cited several permissible reasons, supported by substantial evidence in the record,
14  for rejecting plaintiff's complaints regarding the severity of his symptoms and
15  limitations.

16         First, the ALJ properly discredited plaintiff's subjective complaints based
17  on plaintiff's unexplained failure to seek or be prescribed more aggressive pain
18  treatment.  (AR 14); <u>see</u> <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 346 (9th Cir. 1991) (en
19  banc) (In assessing credibility, the ALJ may properly rely on plaintiff's
20  unexplained failure to request treatment consistent with the alleged severity of his
21  symptoms.); <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1114 (9th Cir. 1999) (In assessing
22  credibility, ALJ properly considered doctor's failure to prescribe and claimant's
23  failure to request any serious medical treatment for supposedly excruciating pain);
24  <u>see</u> <u>Tidwell v. Apfel</u>, 161 F.3d 599, 602 (9th Cir. 1999) (lack of treatment and
25  reliance upon nonprescription pain medication "clear and convincing reasons for
26  partially rejecting [claimant's] pain testimony"); <u>Fair</u>, 885 F.2d at 604 (ALJ
27  permissibly considered discrepancies between the claimant's allegations of
28  "persistent and increasingly severe pain" and the nature and extent of treatment

1   obtained).  Here, at the January 26, 2010 hearing, plaintiff testified that the last
2   time he had seen a doctor for his back was "last year some time" and that he had
3   not sought treatment elsewhere.  (AR 29, 34).  At the March 30, 2011 hearing
4   plaintiff testified that he took Tylenol and would lie down regularly to alleviate his
5   pain, but had not been prescribed stronger pain medication because it would
6   interfere with plaintiff's anticoagulation medication (*i.e.*, Coumadin).  (AR 45).
7   Plaintiff also testified that he had not sought medical treatment for his back in
8   "over a year" because he had been told there was "nothing they can do" for his
9   back.  (AR 47-48).  In the decision, the ALJ observed that plaintiff "[had not]
10  received even routine conservative treatment for his complaint of back pain even
11  though [plaintiff] had become re-eligible for free health insurance."  (AR 14).  In
12  light of the foregoing, it was reasonable for the ALJ to conclude that plaintiff's
13  unexplained failure to seek any alternative relief for his alleged "significant
14  amount of pain" (*e.g.*, in place of stronger prescription medication which plaintiff
15  was unable to take), and failure to seek or be prescribed more aggressive treatment
16  (*e.g.* referral to an orthopedic specialist or surgical intervention) suggested that
17  "[plaintiff's] symptoms and limitations [were] not as severe as he alleged."  (AR
18  14).

19        While an ALJ may not reject symptom testimony where a claimant provides
20  "evidence of a good reason" for not seeking treatment, <u>Smolen v. Chater</u>, 80 F.3d
21  1273, 1284 (9th Cir. 1996) (citations omitted), plaintiff has failed to present such a
22  sufficient reason.  Plaintiff suggests that his failure to seek more aggressive
23  treatment was the result of intermittent insurance coverage and the inability to
24  obtain an appointment with his doctor for "months."  (Plaintiff's Motion at 14
25  ("[Plaintiff] has only medically indigent insurance . . . which has been on again off
26  again throughout the relevant time period . . . and [] it takes months to obtain
27  appointments to see a doctor through this insurance."); AR 31 ("It takes two
28  months to get an appointment to see a doctor."); AR 47 ("[I]t takes . . . two to three

12

1   months to get an appointment to see [his doctor]."). Such assertion, however, is

2   belied by the record which reflects that plaintiff had been able to access medical

3   treatment (*e.g.* for his heart condition). (See, e.g., AR 44-46). Moreover,

4   plaintiff's vague assertion that unspecified individuals stated there was "nothing

5   they can do" for his back (AR 48) is not a sufficient justification for plaintiff's

6   failure to make <u>any</u> attempt to obtain more aggressive treatment for his allegedly

7   <u>disabling</u> pain.

8        Second, the ALJ properly discredited plaintiff's subjective complaints of

9   pain, in part, due to evidence that plaintiff was convicted and imprisoned for

10  manufacturing methamphetamine. Cf. <u>Hardisty v. Astrue</u>, 592 F.3d 1072, 1080

11  (9th Cir. 2010) (no abuse of discretion where district court denied social security

12  claimant's request for attorney fees pursuant to Equal Access to Justice Act based,

13  in part, on determination that government was "substantially justified" in

14  discounting claimant's credibility due to claimant's criminal convictions), <u>cert.</u>

15  <u>denied</u>, 131 S. Ct. 2443 (2011); <u>see also</u> <u>Tonapetyan v. Halter</u>, 242 F.3d 1144,

16  1148 (9th Cir. 2001) ("In assessing the claimant's credibility, the ALJ may use

17  'ordinary techniques of credibility evaluation,' such as considering the claimant's

18  reputation for truthfulness and any inconsistent statements in her testimony.").

19       Finally, the ALJ properly discounted plaintiff's statements in part because

20  plaintiff's pain allegations were not fully corroborated by the objective medical

21  evidence. See <u>Rollins</u>, 261 F.3d at 857 ("While subjective pain testimony cannot

22  be rejected on the sole ground that it is not fully corroborated by objective medical

23  evidence, the medical evidence is still a relevant factor in determining the severity

24  of the claimant's pain and its disabling effects.") (citation omitted). For example,

25  as the ALJ noted, plaintiff's most recent medical records reflect that plaintiff had a

26  normal gait and coordination and, although plaintiff had sought treatment for arm

27  ///

28  ///

1  and knee pain, plaintiff had not complained of back pain.  (AR 14-15) (citing
2  Exhibit 9F at 21, 23 [AR 424, 426]).

3      Accordingly, a remand or reversal on this basis is not warranted.

4  **V.    CONCLUSION**

5      For the foregoing reasons, the decision of the Commissioner of Social
6  Security is affirmed.

7      LET JUDGMENT BE ENTERED ACCORDINGLY.

8  DATED:  March 27, 2012

9                              /s/

10                      Honorable Jacqueline Chooljian
                        UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28